IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JAMES NICHOLAS, | : | |
| | : | 1:11-cv-1631 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DONALD HEFFNER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### October 20, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 10), filed on October 3, 2011, which recommends that we grant the Defendants' Motion to Dismiss (Doc. 2) and that Plaintiff's Complaint be dismissed with prejudice.  *Pro se* Plaintiff Edward James Nicholas ("Plaintiff" or "Nicholas")  filed objections to the R&R on October 13, 2011.  (Doc. 12).  For the reasons set forth below, the Court will adopt the R&R in its entirety, grant the Defendants' Motion to Dismiss and close this case.

## I.    STANDARD OF REVIEW

### A.      Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court

makes a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1);

*United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept,

reject, or modify, in whole or in part, the magistrate judge's findings or

recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. §

636(b)(1) permits whatever reliance the district court, in the exercise of sound

discretion, chooses to place on a magistrate judge's proposed findings and

recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423

U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B.      Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept

all factual allegations as true, construe the complaint in the light most favorable to

the plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d

224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374

n.7 (3d Cir. 2002)).  In resolving a motion to dismiss pursuant to Rule 12(b)(6), a

court generally should consider only the allegations in the complaint, as well as

"documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009).  To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S.Ct. At 1949.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## II.   BACKGROUND

As aptly put by Magistrate Judge Carlson, "[t]he pertinent facts of this case can be simply stated." (Doc. 10, p. 2).  On August 22, 1997, Officer Donald Heffner of the Harrisburg Police Department charged the Plaintiff with aggravated assault, conspiracy and robbery in connection with an August 17, 1997 incident in which it was alleged that Nicholas and others "struck Thomas Griser in the face with a closed fist breaking his jaw in two places and knocking out his teeth." (Doc. 9, p. 13).  Plaintiff went to trial on these charges and was convicted of aggravated assault, but was acquitted of the other charges against him.  On July 10, 1998, Nicholas was sentenced to serve 78 months to 20 years imprisonment for the aggravated assault conviction.

Nearly twelve years later, Nicholas initiated this civil action on December 23, 2009, by filing a Praecipe for Writ of Summons and a Petition for Leave to proceed *in forma pauperis* in the Court of Common Pleas of Dauphin County.  On January 22, 2010, the county court granted Nicholas' *in forma pauperis* motion and the action was filed on July 28, 2011 in county court.  On August 30, 2011, the Defendants filed a Notice of Removal, and this action was removed to this Court.

The complaint names Officer Heffner and the Harrisburg Police Departments as Defendants and asserts an array of claims in the nature of false arrest, and malicious prosecution against the Defendants based upon the Plaintiff's

arrest, prosecution and conviction more than a decade ago.  As noted by Magistrate

Judge Carlson, the complaint, liberally construed, appears to be an effort to civilly

re-litigate claims arising out of this prior state criminal prosecution.  Nicholas

seeks extraordinary relief, damages totaling $25,000,000 from the Defendants as a

consequence of their involvement in the successful aggravated assault prosecution

that led to Nicholas' conviction.

As noted above, the Defendants filed a Motion to Dismiss (Doc. 2).  After

full briefing, the Magistrate Judge issued the instant R&R, recommending the

motion be granted and the case be dismissed with prejudice.

## III.   DISCUSSION

Magistrate Judge Carlson recommends that the Motion to Dismiss be

granted and that this case be dismissed with prejudice because Nicholas fails to

state a claim upon which relief can be granted.  Magistrate Judge Carlson also

concludes that, in any event, the action is clearly barred by the statute of

limitations.  Finally, Magistrate Judge Carlson notes that Nicholas cannot maintain

a claim against the City of Harrisburg because he has not otherwise stated a

constitutional claim.

Specifically, Magistrate Judge Carlson concludes, and we agree, that the

complaint is based upon a fatally flawed legal premise because Plaintiff seeks to

bring a civil rights action based on claims of false arrest and imprisonment based on a **valid** state criminal conviction which has not been set aside or overturned.  It is more than well-settled that an essential element of civil rights false arrest and imprisonment claims is that the underlying criminal case must have been terminated in favor of the civil rights claimant.  Therefore, where as here, the civil rights plaintiff brings a malicious prosecution, or false arrest claim based upon a conviction that has not been overturned, the claim must fail as a matter of law.  *See Hector v. Watt*, 235 F. 3d 154, 155-156 (3d Cir. 2000).  Further, even if Plaintiff's criminal case had concluded in his favor, the instant action is clearly barred by the two-year statute of limitations applied to 42 U.S.C. § 1983 claims in Pennsylvania. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); 42 Pa. C. S. § 5524.  Finally, any claim by Plaintiff against the City of Harrisburg necessarily fails because Nicholas cannot state a constitutional injury.  *See City of Los Angeles v. Heller*, 475 U.S. 796 (1986)(A plaintiff who fails to establish a constitutional violation does not have a *Monell* claim for the alleged injury).

Plaintiff's objections make no effort to controvert the clear law and reasoning applied by the Magistrate Judge in his R&R and confirmed by us herein. Instead, within the Plaintiff's objections, he baldly asserts that the records of all of the evidence against him in the 1997 criminal case, as well as his arrest warrant,

7

fingerprints and photographs "do not exist."  Thus, he concludes that the alleged

lack of existence of these records is a "legal equivelent [*sic*] of an expungement

order." (Doc. 12, p. 14).  It is not clear to the Court from where the Plaintiff

derives these allegations or conclusions, however, in any event, they are entirely

unavailing.  It is plainly evident to the Court, as it was to the Magistrate Judge, that

Plaintiff is attempting to civilly re-litigate his criminal conviction, and this he

cannot do.[1]  Accordingly, we shall adopt the R&R in its entirety, grant the Motion

to Dismiss, and close this case.  An appropriate Order shall issue.

---

[1] For all the reasons stated herein and within the R&R, we shall not grant the Plaintiff
leave to amend his complaint because any such amendment would be futile.  *Alston v. Parker*,
363 F. 3d 229, 235 (3d Cir. 2004).